UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

**TYRELL DIXON**

                                                                                               Case No.:

                                   **Plaintiff,**

      -against-

**STEPHEN EINSTEIN & ASSOCIATES, P.C.**

                                  **Defendants.**

---------------------------------------------------------------------X

## PLAINTIFF'S COMPLAINT

Plaintiff Tyrell Dixon brings suit against Defendant Stephen Einstein & Associates, P.C., a debt collection law firm, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, New York General Business Law § 349 *et seq.* and New York Judiciary Law § 487, and in support alleges as follows.

### A.  JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"). Jurisdiction of the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law under the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2. Venue in this District is proper because all or a substantial part of the events or omissions giving rise to their claims occurred in Bronx County, New York.

**B.     PARTIES**

3.      Plaintiff TYRELL DIXON ("Mr. Dixon") is an individual residing in Bronx County, New York.

4.      Defendant STEPHEN EINSTEIN & ASSOCIATES, P.C. ("Einstein") is a debt collection law firm and a domestic professional corporation organized under the laws of the State of New York. Einstein engages in business in New York. This suit arose out of Einstein's business in New York.

**C.     STATEMENT OF FACTS**

5.      On or about January 30, 2015, Einstein filed a collection lawsuit against Mr. Dixon, titled: *Credit Acceptance Corporation v. Tyrell Dixon,* Index No. 001439/15-BX (Bronx County Civil Court)( hereinafter "the collection lawsuit" or "the first collection lawsuit"). *See* Exhibit A, the collection lawsuit.

6.      The collection lawsuit sought to collect a putative debt flowing from an underlying putative retail installment sales contract for the sale of an automobile.

7.      The collection lawsuit sought to collect the "sum of $7,673.85 with interest from 7/16/2009".

8.      The collection lawsuit was filed by Anthony Poulin, the managing attorney at Einstein.

9.      The collection lawsuit was time-barred.

10.     Under the applicable statute of limitations for contracts involving the sale of goods, including retail installment sales contracts for the purchase of an automobile, an action must be commenced "within four years after the cause of action has accrued". N.Y. U.C.C. Law § 2-725 (McKinney).

11. The collection lawsuit sought prejudgment interest beginning in July 16, 2009. Thus, by Einstein's own admission, the breach of the putative retail instalment sales contract was more than five and a half years from the date of the filing of the lawsuit.[1]

12. By filing and serving the collection lawsuit, Defendants represented to Mr. Dixon and the Court that the putative creditor had a valid claim to judgment when in fact the claim was time barred.

13. Einstein misrepresented that the debt was not time-barred for the purpose of deceiving Mr. Dixon into believing under the (illegal) threat of judgment with all applicable court costs: a) that he had no basis to challenge the collection lawsuit on limitations grounds; b) that any attempt to challenge the lawsuit would be futile; and c) that he had no choice but to pay the amount demanded.

14. Indeed, on or about February 12, 2015, Einstein duped Mr. Dixon into signing a stipulation of settlement to pay $10,155.89 on a time-barred debt. *See* Exhibit B, the stipulation of settlement. That stipulation was backed up by a threat of entry of a default judgment for the full amount of the suit if payment was missed and not timely cured.

15. On information an belief, Defendants have a policy to apply a breach of contract statute of limitations (typically six years in New York and in other jurisdictions) on claims actually arising from underlying retail installment sales contracts, despite knowing, or having reason to know, that such contracts are actually contracts for the sale of goods, governed by a four year statute of limitations under N.Y. U.C.C. Law § 2-725 (McKinney).

---

[1] Indeed, it is likely that the lawsuit was filed even more than six years from the breach of the putative retail installment contract. Debt collectors typically seek prejudgment interest either from the date of the filing of the collection lawsuit or the date of charge off from the putative creditor. As a matter of accounting, charge-off is six months after the date of putative breach. Therefore, even if the suit were governed by a six year statute of limitations, the debt would be time-barred.

16.     Specifically, January 25, 2016 the undersigned emailed and faxed Einstein a demand letter that they vacate the fraudulently induced stipulation of settlement on the time barred debt. Exhibit C.

17.      In response, on January 26, 2016, attorney Antony Poulin, the managing attorney at Einstein, and the attorney who signed the complaint in the time-barred debt collection lawsuit, sent responded to the demand letter with a series of emails attached as Exhibit D.  In the emails, Mr. Poulin suggests that it is the policy of Einstein to file collection lawsuits to collect on putative auto loans based on a six year statute of limitations period.  Einstein suggests that it may believe that the collection of auto loan debts may be governed under the six year statute of limitations for promissory notes, not that four year limitations period for the sale of goods.

18.     The law is clear however in New York and in every state that has considered the issue, that sale of a vehicle under a retail instalment sales contract is the sale of a good governed under the U.C.C. four year statute of limitations period. *See, e.g., Alice A. Baker, Inc. v. Norton*, 192 Misc. 2d 511, 512, 747 N.Y.S.2d 146 (Sup. Ct. 2002)("Looking first at the statute of limitations defense, the court agrees with plaintiff's allegation that the parties "entered into a Retail Installment Contract ... for the purchase of one (1) 1987 Ford Escort" (complaint ¶ 4) and finds that defendants' alleged failure to meet their responsibilities under that contract is the basis of this action. CPLR 213 (2) sets forth that the statute of limitations on contract actions is six years except as provided in article 2 of the UCC. As a contract for the sale of goods, a motor vehicle retail installment contract falls within the UCC exception and the applicable statute of limitations is four years (UCC 2-725 [1]).").

19.     The very face of the debt collection lawsuit demonstrated that the debt was time barred, and any meaningful attorney review prior to singing the complaint would review the same.

20. As such, Defendants' deceptive and misleading prosecution of a time-barred lawsuit against Plaintiff is typical of their conduct towards similarly situated consumers with time-barred debts arising from retail installment sales contracts.

21. Therefore, Defendants' conduct toward Mr. Dixon was consumer-oriented because the conduct has an impact on similarly situated consumers at large, not only Mr. Dix

22. Further, in response to a demand that the fraudulently induced stipulation be set aside (Exhibit B), Einstein stated (Exhibit D) it would do so only if Mr. Dixon released any claims he may have regarding Einstein's illegal debt collection practices.

23. Despite having already induced Mr. Dixon into an agreement to pay in excess of the putative amount, for a time-barred debt, Defendants sued Mr. Dixon *a second time* to recover for *same exact debt* on or about August 14, 2015 ("the second collection lawsuit"). *See* Exhibit E, the second collection lawsuit.

24. The second collection lawsuit is titled *Credit Acceptance Corporation v. Tyrell Dixon*, Index No. 018807/15-BX (Bronx County Civil Court).

25. The second collection lawsuit was also signed by Mr. Poulin on Einstein's behalf.

26. The second collection lawsuit sought to recover the same exact debt that Einstein already sued to recover on in the first collection lawsuit—the debt arising from a retail installment sales contract for the sale of an automobile from Credit Acceptance Corporation to Mr. Dixon.

27. The second collection lawsuit also sought to recover the same exact (originally time-barred) debt that Einstein had already induced Mr. Dixon into agreeing to pay.

28. On or about December 1, 2015, Mr. Dixon made an oral application in Bronx County Civil Court before Judge Eddie J. McShan to dismiss the second collection lawsuit.

29. Einstein opposed the demand to dismiss.

30. Judge McShan granted Mr. Dixon's application, finding that the second collection lawsuit was "identical" to the first collection lawsuit and that the stipulation therein had already resolved the case between the parties. *See* Exhibit F.

31. Defendants' second collection lawsuit was deceptive and misleading because it falsely implied to Plaintiff and to the Court that (despite the fact that Mr. Dixon had already agreed to pay the putative debt in excess of the original amount) Defendants could still obtain a judgment against Mr. Dixon, recovering twice for the same underlying obligation.

32. Defendants' actions have inflicted damages on Plaintiff. He was angry, frustrated, and upset that Einstein duped him into signing a stipulation on a time-barred lawsuit; and that Einstein sued him again for the same putative debt. Not only could Einstein move to enter default on the stipulation, but Einstein was seeking to obtain a second judgment for the same time-barred debt.

### D.    COUNT # 1: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

34. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); see also *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope.").

6

35. Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." *See* S. Rep. No. 382, 95th Con., 1st Sess. 5, ("[t]he committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and *Jacobson v. Healthcare Fin. Servs.,* 516 F.3d 85, 91 (2d Cir. 2008) ("[i]n this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.").

36. The obligation allege to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card debt was incurred primarily for family, personal or household purposes.

37. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Plaintiff was alleged to owe a "debt."

38. Defendant Einstein is a "debt collector" as defined in 15 U.S.C. § 1692a(6) because its principal purpose is the collection of debts and/or it regularly attempt to collect debts, directly or indirectly.

39. Defendant Einstein is a law firm that collects debt by filing thousands of collection lawsuits seeking to collect putative consumer debts, including debts for retail instalment sales contracts.

40. Until 2015, Einstein was a small form of approximately three attorneys, but yet had filed thousands of debt collection lawsuits. The volume of collection lawsuits in relation to the handful of attorneys at the firm suggests the complaints filed were not being meaningfully reviewed.

41. The actions of Einstein enumerated in the above statement of facts constitute an attempt to collect a debt, or were taken in connection with an attempt to collect a debt, within the meaning of the FDCPA.

42. Defendant violated the following sections of the FDCPA: 15 U.S.C. §§ 1692d, 1692e, and 1692f.  By way of example and not limitation Defendants violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; the false representation or implication that any individual is an attorney or that any communication is from an attorney; threatening to take and actually taking an action prohibited by law; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; using any false, deceptive or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

### E.   COUNT #2: NEW YORK GENERAL BUSINESS LAW SECTION 349 ET SEQ.

43. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

44. New York General Business Law Section 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state…"

45. An individual "injured by reason of any violation of this section may bring an action in

his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both." N.Y. Gen. Bus. Law § 349(h).

46. Defendants' actions were consumer oriented. Conduct does not require a repetition or pattern of deception in order to be consumer oriented. However, the facts outlined in the statement of facts plausibly allege such repetition or pattern.

47. Defendant committed the above described acts willfully and/or knowingly.

48. Defendants' wrongful and deceptive acts caused injury and damages to Plaintiff.

49. As a direct and proximate result of those violations of N.Y. Gen. Bus. Law § 349 et seq, Plaintiff suffered compensable harm and is entitled to preliminary and permanent injunctive relief, as to recover actual, treble damages, punitive and exemplary damages, together with costs and attorney's fees.

### F. COUNT #3: NEW YORK JUDICIARY LAW § 487

50. New York Judiciary Law § 487 creates a private right of action against an attorney or counselor who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party;" or "wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for."

51. Defendants violated § 487 in their systematic misrepresentations to the courts and to consumers. Defendants represented that the debts they were collecting upon were not time-barred when in fact they were time-barred; and they fraudulently induce consumers such as Mr. Dixon to make payments on time-barred debts.

52. Defendants made these misrepresentations that the debts they seek to collect are not time-barred for the purposed of deceiving Plaintiff and other consumers (least sophisticated or otherwise) into believing they had no basis on limitations grounds to challenge the collection lawsuits; that any attempt to challenge the collection lawsuits on limitations grounds would be futile; and therefore

that the consumers should not challenge these suits in court but instead had no choice to pay what was demanded under the (illegal) threat of judgment and court costs on time barred debts. Likewise, the purpose of these misrepresentations was to deceive the court that now-Defendants were entitled to judgment and costs of court, when they were not.

53. The violations of § 487 by Defendants inflicted damages, for the reasons and in the manner previously indicated.

54. Plaintiff is entitled to actual damages, treble damages, and attorneys' fees and costs for the violations of N.Y. Judiciary Law § 487 by Defendants, and Plaintiff so seeks.

## G. JURY DEMAND.

55. Plaintiff demands a trial by jury.

## H. PRAYER

56. WHEREFORE, Plaintiff requests the following relief:

   a. A declaration Defendants have committed the violations of law alleged in this action;

   b. An order enjoining and directing Defendant to cease violating G.B.L. § 349 *et seq.*;

   c. Punitive and treble damages pursuant to G.B.L. § 349 *et seq.*

   d. Punitive and treble damages pursuant to N.Y. Judiciary Law § 487.

   e. Statutory damages under 15 U.S.C. § 1692k;

   f. An order awarding disbursements, costs, and attorneys' fees;

   g. A judgment for actual, statutory, and treble, damages;

   h. Prejudgment and post judgment interest as allowed by law;

   i. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Dated:  Brooklyn, New York
        February 1, 2016

Respectfully submitted,
/s/
Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com