UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TYRELL DIXON,                       Case No.: 1:16-cv-00750-ALC

                Plaintiff,

                                                     **ANSWER**

      -against-

STEPHEN EINSTEIN & ASSOCIATES, P.C.,

                Defendants.

-----------------------------------------------------------X

      Defendant, STEPHEN EINSTEIN & ASSOCIATES, P.C, by its attorneys, TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, as and for its Answer to plaintiff's Complaint, allege as follows:

      1.     Denies the allegations contained within paragraph "1" of the complaint, except to the extent that such allegations characterize the lawsuit or constitute conclusions of law, to which defendant makes no answer save to demand strict proof thereof, and respectfully refers all questions of law to this Honorable Court.

      2.     Denies the allegations contained in paragraph "2" of the Complaint, except to the extent that such allegations constitute conclusions of law, to which defendant makes no answer save to demand strict proof thereof, and respectfully refers all questions of law to this Honorable Court.

      3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

      4.     Denies the allegations contained in paragraph "4" of the Complaint, except admits that defendant is a law firm and a domestic professional corporation existing pursuant to the laws

of the State of New York and conducting business in New York, and respectfully refers all questions of law to this Honorable Court.

5. Denies the allegations contained in paragraph "5" of the Complaint, except admits that a lawsuit with the referenced caption and index number was filed, and respectfully refers the Court to the Complaint in that action as best evidence of its content, intent and purport.

6. Denies the allegations contained in paragraph "6" of the Complaint, except admits that the referenced lawsuit alleged breach of a retail installment contract, and respectfully refers the Court to such contract and the complaint in the subject lawsuit as best evidence of their content, intent and purport.

7. Admits that the complaint in the referenced action, annexed to the Complaint as Exhibit A, demands judgment in the amount of $7,673.85 with interest from 7/16/09, otherwise denies the allegations contained in paragraph "7" of the Complaint and respectfully refers the Court to the complaint in the referenced action as best evidence of its content, intent and purport.

8. Denies the allegations contained in paragraph "8" of the Complaint, except admits that Mr. Poulin signed the referenced complaint, and respectfully refers all questions of law to this Honorable Court.

9. Denies the allegations contained in paragraph "9" of the Complaint.

10. Denies the allegations contained in paragraph "10" of the Complaint and respectfully refers all questions of law to this Honorable Court.

11. Denies the allegations contained in paragraph "11" of the Complaint, except admits that the complaint annexed to the Complaint as Exhibit A contains a demand for interest from July 16, 2009, and respectfully refers the Court to the referenced complaint as best evidence of its content, intent and purport.

12. Denies the allegations contained in paragraph "12" of the Complaint.

13. Denies the allegations contained in paragraph "13" of the Complaint.

14. Denies the allegations contained in paragraph "14" of the Complaint.

15. Denies the allegations contained in paragraph "15" of the Complaint.

16. In response to the allegations contained in paragraph "16" of the Complaint, defendant respectfully refers the Court to the referenced email (Complaint, Exhibit C) as best evidence of its contents, intent and purport and denies any allegations as alleged in such email.

17. Denies the allegations contained in paragraph "17" of the Complaint, except respectfully refers the Court to the referenced communication (Complaint, Exhibit D) as best evidence of its content, intent and purport.

18. Denies the allegations contained in paragraph "18" of the Complaint, and respectfully refers all questions of law to this Honorable Court.

19. Denies the allegations contained in paragraph "19" of the Complaint.

20. Denies the allegations contained in paragraph "20" of the Complaint.

21. Denies the allegations contained in paragraph "21" of the Complaint.

22. Denies the allegations contained in paragraph "22" of the Complaint.

23. Denies the allegations contained in paragraph "23" of the Complaint, except admits that the lawsuit annexed as Exhibit E to the Complaint was filed.

24. Admits the allegations set forth in paragraph "24" of the Complaint insofar as it is alleged that a lawsuit was commenced with the referenced caption, and otherwise denies the allegations contained in paragraph "24" of the Complaint.

25. Admits that Mr. Poulin signed the referenced complaint, respectfully refers the Court to the Complaint as best evidence of its content, intent and purport, except denies plaintiff's characterization of the referenced action as time-barred.

26. In response to the allegations contained in paragraph "26" of the Complaint, defendant respectfully refers the Honorable Court to the referenced complaint as best evidence of its content, intent and purport, except denies plaintiff's characterization of the referenced action as time-barred.

27. Denies the allegations contained in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint, except admits that the resulting Court order reflects that an oral application was made by or on behalf of plaintiff and respectfully refers the Court to the Order dated December 1, 2015 (Complaint Exhibit F) as best evidence of its content, intent and purport.

29. Denies the allegations contained in paragraph "29" of the Complaint.

30. Admits that the referenced lawsuit was dismissed, denies the characterization of such lawsuit as time-barred and respectfully refers the Court to the December 1, 2015 order (Complaint Exhibit F) as best evidence of its content, intent and purport.

31. Denies the allegations contained in paragraph "31" of the Complaint.

32. Denies the allegations contained in paragraph "32" of the Complaint.

### AS AND FOR A RESPONSE TO COUNT 1: VIOLAITONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant repeats and realleges the statements made in paragraphs "1" through "32," as if set forth fully at length herein.

34. Denies any facts constituting a violation of the statute(s) referenced in paragraph "34" of the Complaint, except to the extent that the allegations contained in paragraph "34" of the Complaint constitute conclusions of law, defendant makes no answer save to demand strict proof thereof and respectfully refers all questions of law to this Honorable Court.

35. Denies any facts constituting a violation of the statute(s) referenced in paragraph "35" of the Complaint, except to the extent that the allegations contained in paragraph "35" of the Complaint constitute conclusions of law, defendant makes no answer save to demand strict proof thereof and respectfully refers all questions of law to this Honorable Court.

36. Denies the allegations contained in paragraph "36" of the Complaint and respectfully refers all questions of law to this Honorable Court.

37. Denies any facts constituting a violation of the statute(s) referenced in paragraph "37" of the Complaint, except to the extent that the allegations contained in paragraph "37" of the Complaint constitute conclusions of law, defendant makes no answer save to demand strict proof thereof, and respectfully refers all questions of law to this Honorable Court.

38. Denies any facts constituting a violation of the statute(s) referenced in paragraph "38" of the Complaint, except to the extent that the allegations contained in paragraph "38" of the Complaint constitute conclusions of law, defendant makes no answer save to demand strict proof thereof, and respectfully refers all questions of law to this Honorable Court.

39. Denies the allegations contained in paragraph "39" of the Complaint and respectfully refers all questions of law to this Honorable Court.

40. Denies the allegations contained in paragraph "40" of the Complaint.

41. Denies the allegations contained in paragraph "41" of the Complaint.

42. Denies the allegations contained in paragraph "42" of the Complaint.

## AS AND FOR A RESPONSE TO COUNT NO. 2: NEW YORK GENERAL BUSINESS LAW SECTION 349 ET SEQ.

43. Defendant repeats and realleges the statements made in paragraphs "1" through "42," as if set forth fully at length herein.

44. Denies any allegations of fact contained in paragraph "44" of the Complaint, except to the extent the allegations contained in paragraph "44" of the Complaint constitute conclusions of law, defendant makes no answer save to demand strict proof thereof, and respectfully refers the Court to the New York General Business Law Section 349(a) as best evidence of its content, intent and purport.

45. Denies any allegations of fact contained in paragraph "45" of the Complaint, except to the extent the allegations contained in paragraph "45" of the Complaint constitute conclusions of law, defendant makes no answer, and respectfully refers the Court to the New York General Business Law Section 349(a) as best evidence of its content, intent and purport.

46. Denies the allegations contained in paragraph "46" of the Complaint.

47. Denies the allegations contained in paragraph "47" of the Complaint.

48. Denies the allegations contained in paragraph "48" of the Complaint.

49. Denies the allegations contained in paragraph "49" of the Complaint.

## AS AND FOR A RESPONSE TO COUNT NO. 3: NEW YORK JUDICIARY LAW §487

50. In response to the allegations contained in paragraph "50" of the Complaint, defendant respectfully refers the Court to the New York General Judiciary Law Section 487 as best evidence of its content, intent and purport, and denies any facts alleged constituting a violation of such statute.

51. Denies the allegations contained in paragraph "51" of the Complaint.

52. Denies the allegations contained in paragraph "52" of the Complaint.

53. Denies the allegations contained in paragraph "53" of the Complaint.

54. Denies the allegations contained in paragraph "54" of the Complaint.

### AS AND FOR A RESPONSE TO JURY DEMAND

55. Paragraph "55" of the Complaint constitutes a jury demand and requires no response from defendants.

### AS AND FOR A RESPONSE TO PRAYER

56. Denies that plaintiff is entitled to the requested relief.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

58. The Complaint is barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred in whole or in part by res judicata or collateral estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

60. It is found that there was any violation of the FDCPA, such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

WHEREFORE, defendant Stephen Einstein & Associates, P.C., demands judgment dismissing the complaint herein with prejudice, awarding costs and reasonable counsel fees, and granting such other and further relief as the court deems just and proper.

Dated:   Hawthorne, New York
         April 18, 2016

                                    TRAUB LIEBERMAN STRAUS &
                                    SHREWSBERRY LLP
                                    *Attorneys for Defendant Stephen Einstein*
                                    *& Associates, P.C.*

                                    _____
                                    Hillary J. Raimondi, Esq.
                                    Mid-Westchester Executive Park
                                    Seven Skyline Drive
                                    Hawthorne, NY 10532
                                    (914) 347-2600